IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON JEFFERSON,

      Plaintiff,

v.                                        Civil Action No. **3:14CV56**

DUANE GRAY, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Jason Jefferson, a former Virginia detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] By Memorandum Opinion and Order entered on July 1, 2016, the Court granted Defendants' Motion for Summary Judgment and dismissed the action. *Jefferson v. Gray*, No. 3:14CV56, 2016 WL 3661317, at *7 (E.D. Va. July 1, 2016). The matter is before the Court on Jefferson's Motion to Alter or Amend the Judgment seeking relief under Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 56.)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Jefferson apparently relies on the second ground for relief.  He states that he submits his motion "on grounds of new evidence not available at trial."  (Rule 59(e) Mot. 1.)  Jefferson fails to identify what that new evidence consists of beyond this vague statement.  In a letter attached to the Rule 59(e) Motion, Jefferson indicates that he "thought he was able to submit my evidence in the way I did.  But from now on, none of my submitted evidence will go to the Court without it being signed before a notary public and under oath."  (Letter 1, ECF No. 56–1.)  Jefferson fails to demonstrate that any of this evidence was not available previously.  Moreover, Jefferson fails to establish that the Court committed a clear error of law or that alteration of the judgment is necessary prevent manifest injustice.  Accordingly, Jefferson's Rule 59(e) Motion (ECF No. 56) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 9/16/16
Richmond, Virginia

2